**NEW ZEALAND LAMB COMPANY, INC., Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–Appellant.**

**No. 93–1237.**

United States Court of Appeals, Federal Circuit.

Nov. 14, 1994.

Rehearing Denied Dec. 9, 1994.

refund certain interest payments made under protest by New Zealand Lamb. The Court of International Trade held that because liquidation notices regarding certain entries of New Zealand Lamb made no mention of interest for increased countervailing duties, the entries were liquidated without interest. The court further held that because Customs did not act within ninety days of the liquidations to reliquidate the entries and to assess the interest allegedly owed, the liquidations without interest were final and conclusive upon the government. Because we hold that the liquidations in this case did not trigger the running of the ninety-day statutory limitations period with respect to interest, we vacate and remand.

## BACKGROUND

### I. *Facts of the Case*

This appeal relates to New Zealand Lamb's importation of lamb meat from New Zealand, which merchandise was the subject of a countervailing duty order.[1] In particular, the appeal concerns eight separate entries made by New Zealand Lamb for the imported merchandise.[2] For each of the eight entries, New Zealand Lamb made a deposit with Customs of estimated duties.[3] In addition to an amount for estimated regular importation duties, the deposit included an amount for estimated countervailing duties. Some time later, when Customs liquidated the entries (i.e., when Customs made its final computation of the amount of duties actually owing), it was determined that countervailing duties were owed in an amount greater than what was already on deposit.[4] After making this determination, Customs marked the eight entries as liquidated for increased duties. For six of the entries, the

Edward J. Farrell, Bronz & Farrell, Washington, DC, argued, for plaintiff-appellee.

Susan Burnett Mansfield, Sr. Trial Counsel, Dept. of Justice, New York City, argued, for defendant-appellant. With her on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office.

Before RICH, MAYER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

The United States appeals from the judgment of the United States Court of International Trade, *New Zealand Lamb Co. v. United States*, 16 CIT 1039, 1992 WL 391145 (1992), which granted the motion of New Zealand Lamb Company, Inc., for judgment on the pleadings and which ordered that the United States Customs Service (Customs)

1. A countervailing duty is imposed, in certain circumstances, upon merchandise subsidized by a foreign country or entity. 19 U.S.C. § 1671 (1988).

2. "Entry" is made by filing with Customs documentation enabling Customs, among other things, to make a proper assessment of duties on the merchandise. 19 U.S.C. § 1484(a)(1) (Supp. V 1993).

3. A deposit is required before imported merchandise will be released by Customs. 19 U.S.C.

§ 1484(c) (Supp. V 1993); 19 C.F.R. § 141.101 (1994). The deposit serves as a security that the government will be paid the required duties when they are finally determined. 19 C.F.R. § 141.103 (1994).

4. This final computation was made by Customs pursuant to 19 U.S.C. § 1500 (Supp. V 1993), which sets forth the appraisement, classification, and liquidation tasks that Customs shall perform.

date of liquidation was December 15, 1989; for the other two, December 22, 1989. Customs posted bulletin notices to give public notice of the liquidations.[5] The bulletin notices, which are not in the record before us, apparently made no reference to interest. In addition, in that the parties do not refer us to the entry documentation, we assume that it too makes no reference to interest.

Following the liquidations, New Zealand Lamb paid the additional countervailing duties but did not volunteer payment to Customs for interest on the additional duties. Customs, however, being of the view that such interest was owing under 19 U.S.C. § 1677g (1988), billed New Zealand Lamb for the interest on March 23, 1990. This billing came ninety-nine days after the six December 15, 1989 liquidations and ninety-two days after the two December 22, 1989 liquidations. New Zealand Lamb paid the interest under protest. Subsequently, on June 21, 1990 (exactly ninety days after it was billed for the interest), it filed a protest with Customs (number 2704–0–002728) pursuant to 19 U.S.C. § 1514. In its protest, New Zealand Lamb challenged its liability for interest. Customs denied the protest, whereupon New Zealand Lamb commenced an action in the Court of International Trade.[6]

## II. *Proceedings in the Court of International Trade*

In the Court of International Trade, New Zealand Lamb alleged that Customs had refused to accept the full amount offered in deposit for countervailing duties at the time of entry. From that, it claimed that it was not liable for interest because the underpayment of duties at the time of deposit was the result of Customs's error, the error being Customs's refusal to accept the proffered full amount of duties in deposit. In other words,

New Zealand Lamb asserted that it was not required to pay interest on increased duties where the initial underpayment of duties was created by Customs's error. The government moved, pursuant to Rule 12(c) of the Rules of the Court of International Trade, to dismiss with prejudice New Zealand Lamb's action.[7] The government contended that the protest regarding interest was untimely because it was not filed with Customs within ninety days of the liquidations, as required by § 1514. The government argued that under § 1677g interest is required to be assessed on increased countervailing duties and that therefore the liquidations for increased countervailing duties necessarily amounted to decisions that interest on the increased duties was owing, which decisions New Zealand Lamb did not protest within ninety days. Relying on the bulletin notices' failure to mention interest, New Zealand Lamb responded that the liquidations correctly decided that it owed no interest. New Zealand Lamb thus cross-moved for judgment on the pleadings, arguing that Customs's March 23, 1990 billing for interest was an attempted reliquidation to assess interest, and that the reliquidation attempt was untimely under § 1514 because it was not made within ninety days of the liquidations.

On December 8, 1992, the Court of International Trade issued its decision denying the government's motion and granting New Zealand Lamb's. 16 CIT at 1040. The court first determined that, because interest on increased countervailing duties is "due incident to liquidation," the limitations period of § 1514 started to run upon the liquidations. *Id.* at 1041. Next, the court reasoned that, because the bulletin notices made no mention of interest, the entries were liquidated without interest. *Id.* Finally, the court conclud-

---

**5.** Statute requires that Customs "give ... notice of such liquidation to the importer, his consignee, or agent in such form and manner as the Secretary shall by regulation prescribe." 19 U.S.C. § 1500(e). The pertinent regulation requires only that Customs post a bulletin notice "in a conspicuous place in the customhouse at the port of entry...." 19 C.F.R. § 159.9(b) (1994). The regulation does not require Customs to directly notify interested parties by mail or otherwise. *See id.*

**6.** A protesting party has the right to file a civil action contesting the denial of a protest. 19 U.S.C. § 1514(a) (Supp. V 1993). The Court of International Trade has exclusive jurisdiction over such actions. 28 U.S.C. § 1581(a) (1988).

**7.** Rule 12(c) of the Court of International Trade, regarding judgments on the pleadings, is identical to Rule 12(c) of the Federal Rules of Civil Procedure.

ed that the liquidations without interest were final and conclusive upon the government because Customs did not reliquidate the entries and assess interest within ninety days of the liquidations. *Id.* at 1042. The court thus ordered Customs to refund to New Zealand Lamb the interest paid under protest, with interest. *Id.* The government now appeals.

## DISCUSSION

### I. *Standard of Review*

■■■ Judgment on the pleadings for a plaintiff is appropriate where there are no material facts in dispute and the plaintiff is entitled to judgment as a matter of law. *See General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989), *cert. denied,* 493 U.S. 1079, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990). Such a judgment is reviewed *de novo. Id.*

### II. *Analysis*

Our analysis of whether the Court of International Trade properly granted judgment in favor of New Zealand Lamb begins with the limitations provision that was in effect for the entries at issue. That provision provides in pertinent part as follows:

**§ 1514. Protests against decisions of appropriate customs officers**

**(a) Finality of decisions; return of papers**

[Except in situations not relevant to the present case], decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

\* \* \* \* \* \*

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

\* \* \* \* \* \*

(5) the liquidation or reliquidation of an entry, or any modification thereof;

\* \* \* \* \* \*

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title.

\* \* \* \* \* \*

**(c) Form, number, and amendment of protest; filing of protest**

\* \* \* \* \* \*

(2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—

(A) notice of liquidation or reliquidation, or

(B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

19 U.S.C. § 1514 (1988); *see also* amended current version at 19 U.S.C. § 1514 (1988 & Supp. V 1993).[8]

■■ In accordance with § 1514(a) and (c), an importer's right to both administrative and judicial review of certain categories of Customs decisions—namely, those enumerated in subsection (a)—rests upon the filing of a protest with Customs within ninety days of such a decision. Likewise, such a decision becomes final and conclusive upon the government in accordance with § 1514(a) unless the government acts to revise the decision within ninety days.[9] Thus, § 1514 contains a

8. Various amendments were made to § 1514 on December 8, 1993, *See* Pub.L. 103–182, tit. II, § 208, tit. IV, § 412(a), tit. VI, § 645, 107 Stat. 2097, 2146, 2206. For the time relevant to the entries in this case, however, these amendments were not yet in effect. Our analysis below is based upon the version of the statute that was in effect during the relevant time period—the ver-

sion that appears in the 1988 United States Code. In any event, we note that the 1993 amendments to § 1514 are not relevant to the issue in this case.

9. This accords with 19 U.S.C. § 1501 (1988), which provides that "[a] liquidation ... may be reliquidated in any respect by the appropriate

limitations provision that operates against both importers and the government.

The relevant interest statute, 19 U.S.C. § 1677g, provides in pertinent part as follows:

> § 1677g. **Interest on certain overpayments and underpayments**
>
> (a) **General rule**
>
> Interest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered, or withdrawn from warehouse, for consumption on and after—
>
> (1) the date of publication of a countervailing or antidumping duty order under this subtitle or section 1303 of this title. . . .

19 U.S.C. § 1677g(a) (1988).

■ The issue that we must address is when, if ever, the § 1514 limitations period began to run in this case. The government argues that, by operation of § 1677g, the liquidations for increased countervailing duties amounted to assessments of interest, irrespective of whether interest was mentioned in the bulletin notices. Accordingly, the government maintains, because New Zealand Lamb's protest was not filed within ninety days of the liquidations, under § 1514(a) the assessments of interest became final and conclusive against the importer. Alternatively, the government urges us to hold that New Zealand Lamb's period to file a protest began when it was billed for interest. Under this approach, the government concedes that New Zealand Lamb's protest was timely filed and that the Court of International Trade possessed jurisdiction to consider the merits of the case. For its part, New Zealand Lamb argues that Customs's failure to make a formal assessment of interest at the time of the liquidations or within ninety days of the liquidations precluded it from thereafter doing so.

For the reasons which follow we conclude that there was no decision regarding interest—so as to trigger the running of the ninety-day limitations period—until Customs actually billed New Zealand Lamb for interest on March 23, 1990. Accordingly, we hold that neither Customs's billing nor New Zealand Lamb's protest of that billing was untimely. We thus agree with the government's alternative argument.

As just seen, the government contends that, by operation of § 1677g, the liquidations for increased countervailing duties amounted to assessments of interest so as to start the running of the § 1514 limitations period against New Zealand Lamb. In making this argument, the government focuses on the words "interest shall be payable" in § 1677g(a) and asserts that they mean the payment of interest is required as a matter of law once an increased countervailing duty is assessed. As a result, according to the government, in order to start the limitations period running, it was not necessary for Customs to make a formal assessment of interest against New Zealand Lamb by sending it a bill for the interest. We disagree.

■ In *Canadian Fur Trappers Corp. v. United States,* 884 F.2d 563, 566 (Fed.Cir. 1989), we stated that

> [p]rior to the enactment of the Trade Agreements Act of 1979, interest on underpayments or overpayments was not required by law. Pursuant to the Act, 19 U.S.C. § 1677g (1982), interest is imposed on any underpayment or overpayment of estimated duties deposited for merchandise entered for consumption on or after publication of the final injury determination by the United States International Trade Commission.

We express no views (i) on whether Customs erred by refusing to accept the correct full amount of countervailing duties when offered in deposit and (ii) on whether, if Customs did so err, the result was that New Zealand Lamb was not required to pay interest on the resulting underpayment. Those are the issues which lie at the heart of New Zealand Lamb's protest and which should be decided in the first instance by the trial court. What we do conclude is that there was no decision

customs officer on his own initiative . . . within ninety days from the date on which notice of the original liquidation is given to the importer, his

consignee or agent." *See also* amended current version at 19 U.S.C. § 1501 (Supp. V 1993).

regarding interest for purposes of starting the running of the § 1514 limitations period until Customs expressly informed New Zealand Lamb that interest was due. We so hold because we do not believe that there is a decision regarding interest for purposes of starting the running of the limitations period until Customs (i) informs the importer that interest is due and (ii) sets forth either the amount of interest that is due or the method of calculating that amount in terms of the rate.

■ We start from the premise that interest on the underpayment of duties is a charge "within the jurisdiction of the Secretary of the Treasury," 19 U.S.C. § 1514(a)(3). *See Syva Co. v. United States,* 12 CIT 199, 681 F.Supp. 885, 888 (1988) (holding that interest is properly considered a charge within the meaning of 28 U.S.C. § 2637(a) (1982)). We do not see how there can be a decision on a charge—at least for purposes of starting the running of a limitations period—until the party levying the charge announces that the charge is being levied and states the amount of the charge, or the method of computing the charge. In the case of interest that means there is no decision until the party being assessed either is informed of the amount of interest that is due or is told what the rate of interest to be applied against the principal amount is.[10] Until this is done, the party assessed is not informed of all elements of the charge: liability and quantum, either or both of which it may wish to protest. Therefore, the liquidations in this case, which made no mention of interest, were not decisions regarding interest for purposes of starting the running of the § 1514 limitations period against New Zealand Lamb. Such a decision did not come until March 23, 1990, when Customs billed New Zealand Lamb for the interest.[11] That decision, by virtue of § 1514(c)(2)(B), commenced the running of the ninety-day limitations period.[12] Consequently, New Zealand Lamb's protest was filed with Customs ninety days after the date of the interest decision and was therefore within the time limitation of § 1514.

Turning to New Zealand Lamb's argument that Customs's failure to assess interest at the time of the liquidations or within ninety days of the liquidations precluded it from thereafter doing so, we know of nothing in the Customs statutes, or in the implementing regulations, that prevents Customs from making a decision regarding interest separate from, and subsequent to, a liquidation. In fact, the Court of International Trade has held that a decision regarding interest which was due incident to a reliquidation was not a part of, and was separate from, the reliquidation decision. *Dornier Medical Sys., Inc. v. United States,* 14 CIT 686, 747 F.Supp. 753, 755 (1990) ("Barring a statement by Customs in the reliquidation decision that it did not intend to pay interest on the refund, the payment or nonpayment of interest by the Government was subsequent to, and not part of, the decision on reliquidation."). The Court of International Trade erred in concluding that the failure of Customs to charge New Zealand Lamb interest at the time of the liquidations meant that "the entries were liquidated without interest," *New Zealand Lamb Co.,* 16 CIT at 1041. Thus, there was no "liquidation of the entries without interest [that] became final and conclusive upon the United States," *id.* at 1042.

## CONCLUSION

The limitations provision contained in § 1514 did not operate against either New

---

10. In its present form, § 1677g provides that "[t]he rate of interest payable under subsection (a) of this section for any period of time is the rate of interest established under section 6621 of Title 26 for such period." 19 U.S.C. § 1677g(b) (1988). This is the version of the statute that was in effect at the time relevant to this case.

11. We understand that the billing did not specify the amount of interest that New Zealand Lamb owed. However, the amount of interest—as opposed to liability therefor—is not in dispute in this case.

12. As seen above, under § 1514(c)(2), where the decision being protested is not a liquidation or reliquidation decision, the ninety-day limitations period begins to run at the date of the decision. In this case, that is the date of the charge or exaction for interest.

Zealand Lamb or the government in this case. Accordingly, the judgment of the Court of International Trade is vacated, and the case is remanded for consideration of the merits of New Zealand Lamb's protest.

COSTS

Each party shall bear its own costs.

*VACATED AND REMANDED.*