896 F. Supp. 1258

CASTELAZO & ASSOCIATES, A/C GALAXY TAPES, PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 90–09–00450

(Dated July 31, 1995)

*Stein Shostak Shostak & O'Hara (Joseph P. Cox* and *Robert Glenn White)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(James A. Curley);* of counsel: *Jacob D. Diamond,* Office of the Assistant Chief Counsel, United States Customs Service, for defendant.

OPINION

TSOUCALAS, *Judge:* Plaintiff, Castelazo & Associates, a/c Galaxy Tapes ("Castelazo"), moves pursuant to Rule 56 of the Rules of this Court for summary judgment on the grounds that all facts that may be material to the dispositive issues raised in this action are answered in the record and the papers submitted and that Castelazo is entitled to judgment in its favor on those facts and the applicable law.[1] Defendant cross-moves

---

[1] Rule 56(a) states: "A party seeking to recover upon a claim, counterclaim or cross-claim, or to obtain a declaratory judgment, may, at any time after the expiration of the initial time within which to file an answer or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." USCIT Rule 56(a)(1988).

for partial summary judgment pursuant to Rule 56, seeking an order dismissing this case on grounds that this Court lacks jurisdiction.

Castelazo brought this action to recover interest assessed on anti-dumping duties by the United States Customs Service ("Customs") on entries dating from April 23, 1981 to September 10, 1983. *Pressure Sensitive Plastic Tape From Italy; Final Results of Antidumping Duty Administrative Review,* 51 Fed. Reg. 43,955 (Dec. 5, 1986). The matter is presently before the Court to determine whether plaintiff may collect incorrectly assessed interest with interest, given that plaintiff did not specifically protest interest in its initial protest which contested the assessment of incorrect antidumping duties in the liquidations of March 4, 1988.

## BACKGROUND

Plaintiff imported pressure-sensitive plastic tape from Italy between April 23, 1981, and September 10, 1983. No estimated antidumping duty deposits were required or assessed at the time these entries were filed. A preliminary determination of estimated dumping duty rates was published on August 5, 1983. *Pressure Sensitive Plastic Tape From Italy; Final Results of Administrative Review of Antidumping Finding,* 48 Fed. Reg. 35,686 (Aug. 5, 1983). A final determination was published on December 5, 1986. *Pressure Sensitive Plastic Tape From Italy; Final Results of Antidumping Duty Administrative Review,* 51 Fed. Reg. 43,955 (Dec. 5, 1986).

On March 4, 1988, the merchandise at issue, which was entered between April 23, 1981, and September 10, 1983, was liquidated and antidumping duties were assessed.

On April 8, 1988, bills were issued by defendant for interest on the antidumping duty assessments, computed back to the dates of entry (between April 23, 1981, and September 10, 1983). The defendant concedes that interest assessments for periods prior to the preliminary antidumping duty determination on August 5, 1983 were improper, but contests their reimbursement to plaintiff on grounds that plaintiff did not properly protest their assessment. *Defendant's Brief in Support of its Cross-Motion for Partial Summary Judgment, and in Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Brief")* at 1.

On June 23, 1988, plaintiff filed protest No. 2704–8–002574, which contested the total assessment of antidumping duties in the liquidations of March 4, 1988.

On March 1, 1990, the protest was partially approved and partially denied and the entries were reliquidated on March 16, 1990, recomputing antidumping duties and interest assessments.[2]

On June 14, 1990, plaintiff filed protest No. 2704–0–002596, contesting the assessment of interest in the liquidations of March 16, 1990. Defendant denied this protest on August 17, 1990 on grounds that it was

---

[2] The protest was approved in that the antidumping duties and interest on tape measuring less than 35 millimeters in width were cancelled. Interest was recalculated to include the period between liquidation and reliquidation, March 4, 1988 and March 16, 1990. *Defendant's Brief* at 2.

untimely filed. *Plaintiff's Motion for Summary Judgment ("Castelazo's Brief")* at 2.

DISCUSSION

On a motion for summary judgment, it is the function of the court to determine whether there remain any genuine issues of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Once the court determines that no genuine issue of material fact exists, summary judgment is properly granted when the movant is entitled to judgment as a matter of law. *See Mingus Constructors, Inc. v. United States*, 812 F.2d 1387 (Fed. Cir. 1987). In the case at bar, the Court finds that there are no genuine issues of material fact, the dispositive issues to be resolved are legal in nature and, therefore, summary judgment is proper.

*1. Jurisdiction:*

Defendant challenges this Court's jurisdiction on the grounds that, because the plaintiff failed to protest interest in its protest No. 2704-8-002574 (filed on June 23, 1988), pursuant to 19 U.S.C. § 1514(d),[3] plaintiff was precluded from protesting interest in its protest No. 2704-0-002596 (filed on June 14, 1990). *Defendant's Brief* at 2–3. Defendant states that pursuant to 19 U.S.C. § 1514(c)(3),[4] Castelazo should have protested the assessment of interest within 90 days of Customs' issuance of bills for interest. *Defendant's Reply Brief in Support of its Cross-Motion for Partial Summary Judgment ("Defendant's Reply Brief")* at 1–2. As plaintiff did not specifically protest interest within 90 days of the issuing of the bills, defendant argues that plaintiff was barred from protesting interest on reliquidation and this Court lacks jurisdiction under 28 U.S.C. § 1581(a).[5] *Defendant's Brief* at 3–4.

The defendant does not, however, dispute the validity of that part of the protest of reliquidation which was directed to the assessment of interest for the period between liquidation and reliquidation, *i.e.*, March 4, 1988 to March 16, 1990. Defendant agrees with plaintiff that plaintiff is entitled to a refund of the interest paid for that period and to interest on the refund from the filing date of the summons. *Defendant's Brief* at 4.

As to the assessment of interest for the period between entry of the subject merchandise and March 4, 1988, this Court finds that plaintiff is entitled to a refund for interest on this period as well. Defendant fails to recognize that in protest No. 2704-8-002574 in 1988, plaintiff protested all of the antidumping duties assessed. Plaintiff stated: "The liquida-

---

[3] 19 U.S.C. § 1514(d) (1988 & Supp. V 1993) states:

   **(d) Limitation on protest of reliquidation**

     The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the Customs Service upon any question not involved in such reliquidation.

[4] 19 U.S.C. § 1514(c)(3) (1988 & Supp. V 1993) states:

    (3) A protest of a decision * * * of this section shall be filed with the Customs Service within ninety days after but not before—

       (A) notice of liquidation or reliquidation, or
       (B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

[5] 28 U.S.C. § 1581(a) (1988) states:

    (a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

tions of March 4, 1988 are illegal, null and void, and without force or effect." *Defendant's Exhibit C,* Protest No. 2704–8–002574. The interest that is in dispute—namely, interest accrued from the dates of entry of the merchandise (between April 23, 1981, and September 10, 1983) and the liquidations of March 4, 1988—was later charged on the duties calculated on March 4, 1988. Since the liquidations of March 4, 1988 addressed only antidumping duties and no interest had to be paid, Castelazo did not have to file a protest as to interest.

When Customs granted part of the protest and reliquidated the subject merchandise on March 16, 1990, more than two years after the initial protest, it recalculated the interest assessments. Since interest was included in that reliquidation, plaintiff properly protested the reliquidation. *See* 19 U.S.C. §§ 1514(d), (c)(3); *Dornier Medical Sys., Inc. v. United States,* 14 CIT 686, 747 F. Supp. 753 (1990).

Finally, Castelazo's second protest, protest No. 2704–0–002596, was filed on June 14, 1990, within 90 days of Customs' reliquidations of March 16, 1990, and was thus timely filed as required by 19 U.S.C. § 1514(a)(5). Because the April 8, 1988 bills for interest assessment were subsequent to the March 4, 1988 liquidations, Castelazo properly waited until after the reliquidations of March 16, 1990 and contested interest in its protest of June 14, 1990.

Since this Court has found plaintiff's protest No. 2704–0–002596 to be timely and that it properly addressed issues involved in the reliquidation pursuant to 19 U.S.C. § 1514(d), this Court holds that it has jurisdiction under 28 U.S.C. § 1581(a) to hear this appeal.

Defendant cites *New Zealand Lamb Co. v. United States,* 40 F.3d 377 (Fed. Cir. 1994), for the proposition that, if interest is not assessed at the time of liquidation, but is assessed afterward and a bill for the interest is sent to the importer, the 90-day period for protesting the interest assessment begins to run at the time the bill was issued. As bills of interest on the antidumping duties were issued by Customs on April 8, 1988, the defendant claims that plaintiff had ninety days within which to protest the assessment of interest. It is uncontested that plaintiff did not separately contest the assessment of interest within that period. Therefore, the defendant claims that plaintiff did not comply with 19 U.S.C. § 1514(c), in that it did not file a timely protest as to interest assessed. Defendant asserts plaintiff was barred from protesting interest on reliquidation and this court lacks jurisdiction to hear this appeal. *Defendant's Reply Brief* at 1–3.

This Court finds that no interest was due until after the reliquidations. Since there was no underpayment of antidumping duties by plaintiff and Customs reliquidated the entries and recomputed the interest thereon, plaintiff properly protested said reliquidations.

In addition, *New Zealand Lamb* is distinguishable from the case before the Court. Most significantly, the *New Zealand Lamb* court was considering the underpayment of duties and the resulting assessment of interest. Also, the *New Zealand Lamb* court considered running the

§ 1514 90-day period upon Customs' billing of interest because that billing was subsequent to the final liquidation. *New Zealand Lamb,* 40 F.3d 377.

In the case at bar, however, no estimated antidumping duty deposits were required or assessed at the time the entries were filed. There were no underpayments or overpayments of duties by Castelazo. Further, Castelazo specifically protested interest within 90 days of reliquidation, which reliquidation addressed the issue of interest. Because interest was not mentioned in the liquidation and interest was not due as there was no underpayment of duties, this Court finds *New Zealand Lamb* is not applicable to the circumstances of this case.

Therefore, this Court has jurisdiction to hear this case, plaintiff having filed a timely protest as to interest on June 14, 1990 and defendant having denied that protest, thus vesting this Court with jurisdiction pursuant to 28 U.S.C. § 1581(a).

*2. Interest:*

19 U.S.C. § 1673e(a) (1988 & Supp. V 1993) requires the collection of a deposit on estimated dumping duties. 19 U.S.C. § 1673e(a) states:

> Within 7 days after being notified by the Commission of an affirmative determination under section 1673d(b) of this title, the administering authority shall publish an antidumping duty order which—
>
> \*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*
>
> > (3) requires the deposit of estimated antidumping duties pending liquidation of entries of merchandise at the same time as estimated normal customs duties on that merchandise are deposited.

The other relevant statutory provisions to this issue are 19 U.S.C. § 1673f[6] and 19 U.S.C. § 1677g.[7] 19 U.S.C. § 1673e(a)(3), *supra,* requires that Customs collect a deposit of estimated antidumping duties on all future entries once a final determination has been made by the Commis-

---

[6] 19 U.S.C. § 1673f (1988 & Supp. V 1993) states in pertinent part:

**(a) Deposit of estimated antidumping duty under section 1673b(d)(1)(B) of this title**
　If the amount of a cash deposit collected as security for an estimated antidumping duty under section 1673b(d)(1)(B) of this title is different from the amount of the antidumping duty determined under an antidumping duty order published under section 1673e of this title, then the difference \* \* \* shall be—

> (1) disregarded, to the extent the cash deposit collected is lower than the duty under the order, or
> (2) refunded, to the extent the cash deposit is higher than the duty under the order.

**(b) Deposit of estimated antidumping duty under section 1673e(a)(3) of this title.**—If the amount of an estimated antidumping duty deposited under section 1673e(a)(3) of this title is different from the amount of the antidumping duty determined under an antidumping duty order published under section 1673e of this title, then the difference for entries \* \* \* shall be—

> (1) collected, to the extent that the deposit under section 1673e(a)(3) of this title is lower than the duty determined under the order, or
> (2) refunded, to the extent the deposit under section 1673e(a)(3) of this title is higher than the duty determined under the order,

together with interest as provided by section 1677g of this title.

[7] 19 U.S.C. § 1677g (1988) states in pertinent part:

**(a) General Rule**
　Interest shall be payable on overpayments and underpayments of amounts deposited on merchandise entered, or withdrawn from warehouse, for consumption on and after—

> (1) the date of publication of a countervailing or antidumping duty order under this subtitle or section 1303 of this title, or
> (2) the date of a finding under the Antidumping Act, 1921.

sion regarding material injury to United States industry. *See* 19 U.S.C. § 1673d(b).

Castelazo asserts requirements for deposit of estimated dumping duties were neither in fact made nor legally noticed and published until the preliminary determination of estimated antidumping duty margins were published. *Pressure Sensitive Plastic Tape From Italy; Final Results of Administrative Review of Antidumping Finding,* 48 Fed. Reg. 35,686 (August 5, 1983). Plaintiff states it made only two entries after August 5, 1983, and no requirement for deposit was imposed at the time the entries were filed. Plaintiff cites *Timken Co. v. United States,* 15 CIT 526, 777 F. Supp. 20 (1991), *later proceeding,* 15 CIT 658, 779 F. Supp. 1402 (1991), for the proposition that defendant was barred from seeking interest under 19 U.S.C. § 1677g because no deposits of estimated antidumping duty were made or required to be made in this case for subject merchandise. *Castelazo's Brief* at 6–10.

In *Timken,* plaintiff brought a claim against Customs for failing to find importers who had posted only bond deposits liable for interest. The court held that 19 U.S.C. § 1677g is to be interpreted to require the imposition of interest only upon underpayments and overpayments in the form of actual cash deposits against deposits of antidumping duties. The *Timken* court held that where no deposit is required, assessment of interest from the date of entry is improper. *Timken,* 15 CIT 526, 777 F. Supp. 20.

Therefore, interest accrues only when cash deposits are made and not, as in the case before the Court, where a deposit was not yet required. Accordingly, Customs could not charge Castelazo interest. Pursuant to 19 U.S.C. § 1673d(b), Customs could have required plaintiff to post a cash deposit on any entries after publishing its preliminary determination, *Pressure Sensitive Plastic Tape From Italy; Final Results of Administrative Review of Antidumping Finding,* 48 Fed. Reg. 35,686 (August 5, 1983), but Customs failed to take such action.

It is uncontested that interest should not have been assessed from the date of filing of the entries, which was without estimated duties, bond or other guarantee. *Defendant's Brief* at 1. Customs did not require an actual cash deposit until March 16, 1990 when it reliquidated the subject merchandise. Thus, interest on antidumping duties should only be assessed from the duty assessment of the March 16, 1990 reliquidations.

In sum, because Castelazo properly protested the assessment of interest, *see* discussion *supra,* and because there was no requirement for Castelazo to deposit estimated antidumping duties, interest cannot be assessed prior to the March 16, 1990 reliquidations as there was no underpayment made by Castelazo which would cause interest to be due.

CONCLUSION

Accordingly, this Court hereby orders defendant to refund all interest paid by plaintiff to March 16, 1990 with interest. Judgment is hereby entered for plaintiff.