CASTELAZO & ASSOCIATES, a/c
Galaxy Tapes, Plaintiff–
Appellee,

v.

The UNITED STATES, Defendant–
Appellant.

No. 96–1109.

United States Court of Appeals,
Federal Circuit.

Oct. 7, 1997.

James A. Curley, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, International Trade Field Office, New York City, argued, for defendant-appellant. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Department of Justice, Washington, DC; and Joseph I. Liebman, Attorney in Charge, International Trade Field Office, New York City. Of counsel on the brief was Jacob D. Diamond, Deputy Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, New York City.

Joseph P. Cox, Stein Shostak Shostak & O'Hara, Los Angeles, CA, argued, for plaintiff-appellee. Of counsel was Debra A. Belanger.

Before ARCHER, Chief Judge, LOURIE, and RADER, Circuit Judges.

ARCHER, Chief Judge.

The United States Customs Service (Customs) appeals the judgment of the United States Court of International Trade, *Castelazo & Assocs. v. United States,* 896 F.Supp. 1258 (C.I.T. 1995), granting the motion for summary judgment filed by Castelazo & Associates, a/c Galaxy Tapes (Castelazo). Because Castelazo's protest contesting its liability for interest assessed following liquidation was not timely filed under 28 U.S.C. § 1581(a) (1988), we reverse.

## BACKGROUND

Castelazo imported pressure-sensitive plastic tape from Italy during the period of April 23, 1981, to September 10, 1983. At the time of the entires, Customs neither required nor assessed estimated antidumping duties. Customs published a preliminary determination of estimated antidumping duties on August 5, 1983 and a final determination on December 5, 1986. Customs liquidated and assessed antidumping duties on Castelazo's imports on March 4, 1988. On April 8, 1988, Customs issued bills for interest on the assessments running from the dates of entry of the imports into the United States to the date of liquidation.

Castelazo filed its first protest, No. 2704–8–002574, on June 23, 1988, contesting only the assessment of the antidumping duties liquidated on March 4, 1988. The interest assessment was not protested at that time. Customs partially approved the protest by excluding tape of less than 35 mm width. The entries were then reliquidated on March 16, 1990, and the interest liability was recal-

culated, with the interest running from the dates of entry to the date of reliquidation.

Within ninety days of the reliquidation, Castelazo filed its second protest, No. 2704–0–002596, which contested the assessment of interest in the March 16, 1990, reliquidation. Castelazo argued that interest was improperly assessed from the dates of entry because Customs did not require a deposit of estimated antidumping duties. Customs denied this protest on August 17, 1990, holding that it was untimely because it was not filed within ninety days after the bills for interest issued on April 8, 1988.

Pursuant to 19 U.S.C. § 1514(a) (1988),[1] Castelazo brought an action in the Court of International Trade to challenge the denial of its second protest and to recover the interest assessed on the antidumping duties. Customs argued that a refund of the assessed interest was precluded under 19 U.S.C. § 1514(c)(3) (1988) and *New Zealand Lamb Co. v. United States*, 40 F.3d 377 (Fed.Cir. 1994), because Castelazo failed to protest the interest within ninety days from the date it was originally billed. The court, however, granted summary judgment to Castelazo and ordered Customs to refund all interest paid by Castelazo for the period running from the dates of entry to the date of the March 16, 1990 reliquidation, together with interest on such amount.

The Court of International Trade determined that Castelazo did not have to file a protest as to the first interest assessment and that the second protest gave it jurisdiction to hear the case. The court reasoned that, because Castelazo had protested the entire duty assessment in the liquidation of March 4, 1988, the interest that was billed on April 8, 1988 did not have to be paid at that time. The court, therefore, held that Castelazo's protest of the reassessment of interest made in connection with the reliquidation was timely. The court distinguished *New*

---

**1.** Section 1514 was amended in 1993. These amendments, however, were not in effect at the time of this action. As a result, the discussion herein will reference the 1988 version of the United States Code. None of the 1993 amendments, however, substantively changed any provision relevant to this decision.

**2.** The government has conceded that Castelazo's protest of the interest assessed for the period

*Zealand Lamb* on the basis that an underpayment of duties was not involved here.

On the merits, the court held that, because Castelazo was not required to deposit antidumping duties, Customs improperly assessed interest for periods prior to the date of the March 16, 1990 reliquidation.

## DISCUSSION

 This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(5) (1994). A grant of summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, Rules of the Court of International Trade (RCIT); *Canadian Fur Trappers Corp. v. United States*, 884 F.2d 563, 565, 7 Fed. Cir. (T) 136, 137 (1989). We review the correctness of such a determination *de novo*. *Lynteq, Inc. v. United States*, 976 F.2d 693, 696 (Fed.Cir. 1992). Moreover, the issue on appeal depends on statutory interpretation, which we also review *de novo*. *Id.; see Guess? Inc. v. United States*, 944 F.2d 855, 857 (Fed.Cir. 1991).

 The question here is whether the Court of International Trade had jurisdiction to hear Castelazo's protest of the entire interest assessment based on its protest that was filed after the antidumping duties were reliquidated.[2] We must consider the provisions of 19 U.S.C. § 1514, as well as this court's decision in *New Zealand Lamb*.

Section 1514 establishes the time limits for protesting a decision by a customs officer. If a protest is not timely filed, the customs officer's decision becomes "final and conclusive." The Court of International Trade thereafter lacks jurisdiction to hear any issue raised in the late filed protest. The relevant statutory provisions are:

between liquidation on March 4, 1988 and reliquidation on March 16, 1990 is timely and that Castelazo is thus entitled to a refund of the interest paid for that period, plus interest. Accordingly, this appeal is concerned only with the timeliness of Castelazo's protest of the interest assessed from the dates of entry to the March 4, 1988 liquidation.

**§ 1514. Protest against decisions of appropriate customs officer**

**(a) Finality of decisions; return of papers**

Except as provided in [sections not relevant to this case], decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

. . .

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury; [and]

. . .

(5) the liquidation or reliquidation of an entry, or any modification thereof;

. . .

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of title 28 within the time prescribed by section 2636 of that title. . . .

. . . .

**(c) Form, number, and amendment of protest; filing of protest**

. . . .

(2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—

(A) notice of liquidation or reliquidation, or

(B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

**(d) Limitation on protest of reliquidation**

The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the customs officer upon any question not involved in such reliquidation.

19 U.S.C. § 1514 (1988).

We have held that a bill for interest is a "charge or exaction" that falls under the purview of § 1514(a)(3). *New Zealand Lamb*, 40 F.3d at 382 ("[I]nterest on the underpayment of duties is a charge 'within the jurisdiction of the Secretary of the Treasury.'" (quoting 19 U.S.C. § 1514(a)(3) (1988))). The statute lists charges or exactions in subsection (3) of § 1514(a) separate from subsection (5) dealing with liquidation and reliquidation of an entry. In § 1514(c), the filing of a protest in response to a notice of liquidation or reliquidation is covered in subsection (2)(A) whereas a protest to other matters (including changes and exactions) is covered by subsection (2)(B). The statute also provides that a customs officer's decision on a charge or exaction shall be "final and conclusive" if not protested timely, just as the decision on liquidation or reliquidation is final if not timely protested. Accordingly, under the statute assessed interest must be viewed as independent of a liquidation or reliquidation of entries for purposes of filing a protest.

Castelazo contends that there is a difference between a final liquidation and a preliminary liquidation and asserts that, because the entire liquidation was initially protested in this case, it was not final. Nothing in the statutory language, however, makes a charge or exaction of interest dependent on a "final" liquidation. In fact, the statutory language does not suggest that there can first be a "preliminary" and then a final liquidation, a concept that Castelazo contends is crucial to its case. Only liquidations and reliquidations are mentioned in the statute. Customs regulations dealing with liquidations also effectively rebut the distinction Castelazo attempts to draw between a "preliminary" and a "final" determination. By definition, a liquidation is deemed to be final: "Liquidation means the *final* computation or ascertainment of the duties or drawback accruing on an entry." 19 C.F.R. § 159.1 (1988) (emphasis added).

The Court of International Trade found this court's decision in *New Zealand Lamb* inapposite. In that decision, we construed the same statutory provisions in a different factual context. The importer argued that, because Customs had assessed interest more than ninety days after the notice of liqui-

dation, the interest assessment was invalid. We rejected that argument, stating that there is "nothing . . . that prevents Customs from making a decision regarding interest separate from, and subsequent to, a liquidation." 40 F.3d at 382. Thus, "there was no decision regarding interest—so as to trigger the running of the ninety-day limitations period—until Customs actually billed New Zealand Lamb for interest. . . ." *Id.* at 381.

The Court of International Trade distinguished *New Zealand Lamb* from this case because the former involved an "underpayment" of duties, which was not the situation here. It also viewed *New Zealand Lamb* as involving the billing of interest subsequent to a final liquidation.

In its first distinction, the court noted that the assessment of interest in this case was improper under *Timken Co. v. United States,* 777 F.Supp. 20 (C.I.T. 1991), and reasoned that there was therefore no underpayment. The government concedes that the assessed interest for the period between the dates of entry and the liquidation on March 4, 1988 was improper because Castelazo was not required to make a deposit during that time. The issue, however, is not the legality of the assessment of interest that was made, but whether Castelazo was time-barred from challenging the assessment at all. The analysis of the statute and holding in *New Zealand Lamb* make clear that the bill for interest is a separate, protestable determination, and the failure to protest within the statutory time limit precludes a later challenge to the Customs officer's decision reflected in that billing.

The court's second rationale for distinguishing *New Zealand Lamb* from the present case also lacks foundation. As discussed above, nothing in the statutory language or Customs' regulations supports a distinction based on final and nonfinal liquidations. The *New Zealand Lamb* decision was not dependent on the finality of the liquidation and nowhere in the opinion are the words "final liquidation" used.

Castelazo also urges that the determination of interest was not ripe for protest until the reliquidation (which Castelazo calls the "final" liquidation) because the exact amount of interest could not be calculated until that time. This argument is unpersuasive in this case.[3] The issue is not the calculation of interest *vel non* but the legal question of whether interest was properly assessed from the dates of entry to the date of liquidation. *See New Zealand Lamb,* 40 F.3d at 382 n. 11 ("However, the amount of interest—as opposed to the liability therefor—is not in dispute in this case."). This issue was clearly involved in the original calculation of the interest that was billed on April 8, 1988, which was not then protested. The question of Castelazo's liability for interest during the period prior to liquidation was not dependent in any way upon the determination in the reliquidation of the amount of duties owed.

Moreover, under § 1514(d) the reliquidation of an entry does not open up to protest "any question not involved in such reliquidation." 19 U.S.C. § 1514(d) (1988). In this case only the antidumping duties themselves, and not the interest thereon, were involved in the March 16, 1990 reliquidation. Thus, Castelazo cannot challenge its liability for interest assessed in the April 8, 1988 billing based on the fact that the relevant entries were reliquidated.

Under the statute's structure and language, as well as this court's precedent, Customs' decisions on charges or exactions, such as assessed interest, are independent of its decisions on liquidation or reliquidation. Customs has made a decision as to interest when it "(i) informs the importer that interest is due and (ii) sets forth either the amount of interest due or the method for calculating that amount in terms of the rate." *New Zealand Lamb,* 40 F.3d at 382. The April 8, 1988 bills for interest satisfied both of these conditions.

We, therefore, conclude that the interest assessment on April 8, 1988, for the periods

---

**3.** Although we recognize that the filing of a protest contesting the liquidated duties may give rise to a reliquidation which modifies the base upon which interest is calculated, as it did in this case, this does not mean that dispute as to other factors, such as rate, the period interest runs, etc., must await a decision that might affect the base upon which interest is calculated. The statute is clear that an interest billing must be timely protested to contest these other factors.

from the dates of entry to the date of liquidation, was ripe for protest and the ninety day period for filing a protest commenced on that date. Because Castelazo's protest of the interest for that period was not filed until March 16, 1990, it is untimely and the Court of International Trade lacked jurisdiction to hear the claim.

Accordingly, the judgment of the Court of International Trade is reversed.

*REVERSED.*