# In the United States Court of Federal Claims

No. 20-558C

(Filed June 8, 2022)

```
* * * * * * * * * * * * * * * * *
                                *
T.H.R. ENTERPRISES, INC.,       *       Judgement on the Pleadings;
                                *       Settlement Agreement; General
               Plaintiff,       *       Release; Whereas Clauses;
                                *       RCFC 12(c); Exhibits to Pleadings
     v.                         *
                                *
THE UNITED STATES,              *
                                *
               Defendant.       *
                                *
* * * * * * * * * * * * * * * * *
```

*William Hunter Old,* Heath, Old & Verser, PLC, Newport News, Virginia for plaintiff.

*Jimmy S. McBirney,* Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C. for defendant.


## OPINION AND ORDER

**FUTEY,** *Senior Judge*

This matter is brought by T.H.R. Enterprises (T.H.R.), a federal contractor who entered into a renovation contract on Langley Air Force Base. There were multiple Task Orders under the overarching IDIQ contract and disputes arose regarding Task Orders 22, 25, and 26. T.H.R. is only bringing claims about Task Order 26 in the present case. *See* Complaint, ECF No. 1, 2. T.H.R. claims that the government has imposed changes to the project and delayed work leading to increased costs for T.H.R. *Id* at 1. T.H.R. is seeking either an equitable adjustment, breach of contract damages, or a stay and order for final decision from the contracting officer. *See Id* at 6-8. The government produced a "general mutual release" signed by the T.H.R. and moved for judgement on the pleadings. *See* Defendant's Motion for Judgement on the Pleadings at 3-4, ECF 12.

## A.        Factual

T.H.R. and the Air Force entered into Contract No. F44600-03-D-0001-0026, Project Number MUHJ 11-4091 concerning repair to the building interior and to correct life safety deficiencies within certain buildings on Langley Air Force Base.[1] ECF No. 1. Disputes arose regarding three task orders, Orders 22, 25, and 26. Task Order 22 related to renovations to Building 355, Herron Hall. Answer, Ex. 1, Whereas Clause No. 2. Task Order 25 related to renovation work on Building 586. *Id.* at Whereas Clause No. 3. Order 26 is the subject of the present case. *See* Complaint*.,* ECF No. 1, 11. Task Order 26 related to interior and safety deficiency work on Building 584. ECF 1.

On December 19, 2014, the CO issued a final decision denying THR's equitable adjustment claims on Order 22. *Id.* at 2. T.H.R. appealed to the Armed Services Board of Contract Appeals (ASBCA), and the appeal was numbered 59706. On September 3, 2014, the CO issued a final decision denying THR's equitable adjustment claim for Order 25. Likewise, THR appealed, and that appeal is ASBCA No. 59810. *Id.* at 3.

As to Order 26, THR has submitted a claim for equitable adjustment, and on February 21, 2018, a request for a final decision, but the CO has not provided a final decision. Complaint, ECF No. 1., at 4 ¶ 15. T.H.R. maintains that the CO indicated that the parties would settle these claims after those related to Orders 22 and 25 were disposed of. *Id.* at 5 ¶ 21. The government maintains that the Settlement Agreement bars the action. Def's Mot at 1-2.

On May 15, 2019, the parties entered into the settlement agreement that appears as Exhibit A to the Answer, ECF No. 11-1 (Settlement Agreement). *Id.* That agreement contains a paragraph, ¶ 4, entitled General Mutual Release by the Parties. Settlement Agreement at 2. The question in this case is whether the general release in the Settlement Agreement was limited to the claims relating to Task Orders 22 and 25, or if the language also extended to cover the claims at issue here, relating to Task Order 26.

---

[1] The government's answer seemingly contained a typo and labeled the Contract No. F446600-03-D-0001-0026. From the Settlement Agreement, it appears that the number the T.H.R. provided is the correct contract number.

**Procedural**

On May 5, 2020, THR filed the Complaint. ECF 1. On December 18, 2020, the government filed the Answer, with the Settlement Agreement attached as an exhibit. ECF 11. On February 4, 2021, the government moved for judgment on the pleadings based on the Settlement Agreement. ECF 12. T.H.R. responded on March 15, 2021, and the government's reply was filed March 29, 2021. ECF No. 15, 18.

**B.     Discussion**

This motion for judgment on the pleadings turns on whether the Settlement Agreement bars T.H.R. from bringing this claim. There are two relevant issues. The first is whether the Court can consider the Settlement Agreement when ruling on a motion for a judgement on the pleadings. As discussed below, the settlement was attached to the government's answer, ECF 11. As such, the court can consider it when ruling on a judgement on the pleadings.

The second issue is whether the Settlement Agreement bars the claims that T.H.R. is bringing in the present case. The parties included a general release that using broad language and settled all claims that the T.H.R. might bring under the overarching contract. While the Settlement Agreement references "the Appeal, it explicitly treats claims related to the appeal as included in the range of matters released, but not exhausting that range. Because of the broad language, the best reading of the Settlement Agreement reaches to all claims on the overarching contract whose operative facts had occurred at the time of the Settlement Agreement. The claims at issue in this case relate to the same contract as the released claims, and arose before the Settlement Agreement was executed, and therefore were also released.

**a.     Legal Standard**

When deciding a motion for judgment on the pleadings, the court may review "the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the ... court will take judicial notice." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004). When a defendant moves for judgment on the pleadings, the court "must assume each well-pled factual allegation to be true and indulge in all reasonable inferences

in favor of the nonmovant." Owen v. United States, 851 F.2d 1404, 1407 (Fed. Cir. 1988). A grant of "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the [moving] party is entitled to judgment as a matter of law." *Forest Labs., Inc. v. United States*, 476 F.3d 877, 881 (Fed. Cir. 2007) (citing *N.Z. Lamb Co. v. United States*, 40 F.3d 377, 380 (Fed. Cir. 1994)).

### b.      Considering the Settlement Agreement

T.H.R. argues that the government has attempted to go beyond the pleadings by introducing the Settlement Agreement.  Resp. at 5.  The Settlement Agreement was attached to the Answer, but not otherwise part of the pleadings.  Citing to RCFC 7(c), T.H.R. argues that it cannot be considered on an RCFC 12(c) motion. *Id.* at 4–5. [2] This argument is not supported by the language of the rules, which includes the answer as part of the pleadings under RCFC 7(a)(2). Rule 7(a)(2) describes as part of the pleadings "an answer to a complaint". Furthermore, RCFC 10(c) states that "a copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."

Therefore, since the Settlement Agreement was attached as an exhibit to the Answer, which is part of the pleadings under Rule 7(a)(2), it becomes part of the pleadings and so can be considered on a motion for judgement on the pleadings. This is supported by the caselaw.   *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004); *see also Jacintoport Int'l LLC v. United States*, 121 Fed. Cl. 196, 201 (2015) (Kaplan, J.) (exhibits to pleadings may be considered on a motion for judgment on the pleadings). Therefore, the court can consider the Settlement Agreement when ruling on the Motion for Judgement on the Pleadings.

Finally, even if the court was unable to unable to review the Settlement Agreement on a motion for judgement on the pleadings, it would not appropriate to wait until trial to present it as the plaintiff requests. Instead, pursuant to RCFC 12(d) the result of presenting matters outside of the pleadings would be to convert the present motion to a motion for summary judgment.

---

[2] T.H.R. appears to be referring to RCFC 12(c) instead of RCFC 7(c), which does not exist.

### c.	The Scope of the Release

The defendant's primary argument is direct and simple.  T.H.R., when settling its claims regarding Task Orders 22 and 25, entered into a general release which bars the claim at issue in this case.

> a) Upon execution of this Agreement, the modification to the Contract incorporating this Agreement and payment of the Settlement Amount, each Party hereby generally and specifically releases, discharges and acquits the other Party, its officers, officials, administrators, members, directors, managers, employees, attorneys, agents, representatives, affiliates, predecessors and successors, **from any and all claims**, demands, liabilities, actions, causes of action, damages, expenses and obligations whatsoever, **including without limitation** those arising out of or in any way related to the Appeal including, without limitation, claims for attorney's fees, interest, and any and all other fees and costs associated with the Appeal and defenses of every nature, character and description whatsoever, including Indemnity claims, whether known or unknown, suspected, or claimed (collectively the "Released Claims"), provided, however, that this release shall not affect or extinguish any claim arising from a breach of this Agreement or violation of the laws of the United States.

Settlement Agreement, Ex. A to Answer, ECF No. 11-1; *see* Mot., ECF No. 12, at 1.

THR contends that this paragraph released only Orders 22 and 25, based on the language of the release mentioning the Appeal (as a defined term, defined as relating to the two appeals to the ASBCA), Resp., ECF No. 15, at 7. This contention seemingly ignores the preceding clause, which says that each party releases the other, and so on, from "any and all claims, demands, liabilities, actions, causes of action, damages, expenses, and obligations whatsoever."  Settlement Agreement at 2 ¶ 4(a).  This "include[s] without limitation those arising out of or in any way related to the Appeal." *Id.*  There is first a general release that covers all claims, and then an additional clause that makes it clear that anything arising out of the appeal is covered.

The language "any and all claims, demands, liabilities, actions, causes of action, damages, expenses, and obligations whatsoever" is quite broad. Settlement Agreement at 2 ¶ 4(a). As the Federal Circuit has noted "The Supreme Court stated in *Cramp* that "general language ... indicates an intent to make an ending of every matter arising under or by virtue of the contract. If the parties intend to leave some things open and unsettled, their intent so to do should be made manifest." *Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1373 (Fed. Cir. 1999) citing *United States v. William Cramp & Sons Ship & Engine Bldg. Co.*, 206

U.S. 118, 128, 42 Ct.Cl. 532, 27 S.Ct. 676, 51 L.Ed. 983 (1907). Furthermore "it is the burden of the parties entering into a settlement agreement to expressly reserve in the agreement any rights that they wish to maintain beyond the date of the settlement of agreement." *Id* at 1373.

The Court of Claims followed this rule. "The rule for releases is that absent special vitiating circumstances, a general release bars claims based upon events occurring prior to the date of the release. And no exception to this rule should be implied for a claim whose facts were well enough known for the maker of the release to frame a general description of it and request an explicit reservation." *Johnson, Drake & Piper, Inc. v. United States*, 209 Ct.Cl. 313, 531 F.2d 1037, 1047 (1976).

Thus, because THR knew about the dispute over Task Order 26 at the time of the Settlement, it needed to include language expressly reserving their rights arising out of Task Order 26. Otherwise, pursuant to the decision in *Augustine* and *Cramp*, the general release ends every matter arising out of the contract.

The inference from *Augustine* is not open and shut, though, owing to factual differences---the release in that case had no "including without limitation" language, as the release here does, referring to the Appeal. And the defined term Appeal means the appeals previously filed with the ASBCA, which this case is not. T.H.R. contends that this second clause acts to limit the general release to just events arising out the Appeal.

The words "including without limitation" cannot have the effect of making an inclusion limiting. And, if that clause did not appear, we could infer that the release applied to all contractual claims. T.H.R's interpretation would reduce the phrase to mere surplusage, an outcome that should be avoided. *See Fortec Constructors v. United States*, 760 F.2d 1288, 1292 (Fed. Cir. 1985); *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 174 (2012). A better interpretation would treat the phrase as introducing a prototypical example of what is released. All claims related to the Appeal are released. Other claims are released if they are like those claims in relevant ways. A fair reading of that may be all contractual claims under the overarching IDIQ contract, such as the claims here are covered under the general release.

Under this contractual interpretation, there is no need to rely on the whereas clauses. T.H.R. however relies heavily on the whereas clauses for their argument. Whereas clauses are not contractual; they are recitations laying out the background understandings of the parties. *See KMS Fusion, Inc. v. United States*, 36 Fed. Cl.

68, 77 (1996) (Miller, J.).  Thus, in the face of ambiguity, they may be used to interpret the meaning the parties attached to the operative words.  *Id.*  But they can do even more.  They tell us the assumed facts and purposes of the parties. SCALIA & GARNER, *supra*, at 218.  Rather than only coming into play given ambiguous language, they also may be considered in determining whether language is clear in the first place.  *Id.* at 218.  But what they may not do is create ambiguity where the words have only one permissible meaning.  *Id.*

T.H.R. attempts to point to the whereas clauses to demonstrate that the Release was limited to Task Orders 22 and 25. The language in the body of the Release is not ambiguous. The words in the body of the release have only one permissible meaning. The ambiguity potentially implied in the whereas clauses cannot have the effect of making the words "including without limitation" limit the general release preceding it.  Therefore, the whereas clauses cannot change the court's interpretation of them.

The Settlement Agreement also contains an integration clause and acknowledges that both parties signed said agreement on the advice of counsel.

> (a) Entire Agreement. This Agreement constitutes an integrated contract expressing the entire agreement of the Parties hereto relative to the subject matter discussed herein. No covenants, agreements or representations of any kind have been made by either Party to the other Party, except as expressly set forth herein. All prior discussions, negotiations and agreements are superseded by the Agreement. The Agreement shall not be waived or modified except by an agreement in writing signed by a duly authorized representative of the Party against whom such waiver or modification is sought to be enforced.

> (e) Assistance of Counsel. In executing the Agreement, each Party acknowledges that it has consulted with, and has been advised by, its own counsel, if any, with regard to the provisions of the Agreement. Each Party acknowledges that it has read and fully understands the scope, meaning, and effect of each provision of the Agreement.

Settlement Agreement, Ex. A to Answer, ECF No. 11-1. T.H.R. attempts to reference external evidence to demonstrate that the Settlement Agreement was limited to Task Orders 22 and 25. They provide affidavits from individuals involved in the negotiation of the Settlement Agreement to try and clarify the parties' understanding of the contract when it was signed. ECF 15, Exhibits 1, 2. The language of the Settlement Agreement is unambiguous however, so the Court cannot consider such extrinsic evidence.

Taking all facts as T.H.R. has presented them, the Settlement Agreement suffices to render all claims meritless, and T.H.R. has therefore failed to state a claim on which relief may be granted. The Settlement Agreement reaches all claims on the overarching IDIQ contract, not only those directly related to the Appeal. This is because, while those related to the Appeal are specifically included "without limitation," the broad language of the general release has been read by the Federal Circuit to reach all claims on the overarching contract, and the inclusion of that non-limiting phrase should not be read to limit the category of released claims, beyond ensuring that claims unrelated to the contract are not also released. Furthermore, under *Augustine's* decision, a party needs to explicitly reserve any claim that is known at the time of agreeing to a general release, as was the case here. Finally, the potential implication of the whereas clauses cannot limit the Settlement Agreement to just Task Orders 22 and 25 because that would contradict the clear language in the body of the Settlement Agreement. Thus, the claim at issue in this case is released by the Settlement Agreement.

## CONCLUSION

For the above stated reasons, the defendant's motion for judgement on the pleadings is **GRANTED.**

The clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

s/Bohdan A. Futey
**Bohdan A. Futey**
Senior Judge